UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WELDON HEISSER                              CIVIL ACTION

VERSUS                                      NO: 07-9777

CONTENDER BOATS, INC.                       SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is plaintiff Weldon Heisser's **Motion for
Reconsideration (Rec. Doc. 12)** of this Court's Judgment (Rec.
Doc. 10) in favor of defendant that resulted from the granting of
defendant's Motion to Dismiss for Lack of Jurisdiction (Rec. Doc.
4) as unopposed.  This motion, which is opposed, was set for
hearing on January 7, 2009 on the briefs.  Upon review of the
record, the memoranda of counsel, and the applicable law, this
Court now finds, for the reasons set forth below, that
plaintiff's Motion for Reconsideration should be granted and the
defendant's Motion to Dismiss should be granted.


**Background Facts**

Plaintiff in this case is suing the manufacturer of a
pleasure boat for alleged defects in the boat.  The plaintiff

ordered the boat from Contender Boats, Inc. ("Contender") through a local dealer, Boat Stuf, during a boat show in New Orleans. Comp., Rec. D. 1. After the plaintiff took delivery of the boat he discovered a defect in the gas tanks. Id. He claims that he was informed by Contender that the tanks would be replaced under the boat warranty. Id. The boat was taken to Contender's facility in Florida for the repair work and was later returned to the plaintiff on March 10, 2004. Id. Between March 10, 2004 and August 28, 2005 the boat was used twice with no problems. Id. Following Hurricanes Katrina and Rita the boat was not used until May 2007. Id. At that time the plaintiff took the boat on a fishing trip offshore. Id. While seven miles offshore the plaintiff detected gas fumes and returned to shore. Id. The boat was then inspected by the dealer, Boat Stuf, who found that the port saddle gas tank had not been replaced, but had been sealed with a putty substance. Id. The inspection also found that the inner lining had been cut to reach the gas tank. Id. The plaintiff then took the boat to Blue Dot Marine for another inspection which confirmed the earlier findings of the Boat Stuf inspection. Id. Plaintiff contends that the repair made to the gas tank was a substandard repair and that he had been told the tank would be replaced. Id. Plaintiff also alleges that Contender knew or should have known that the gas tanks were defective when they sold the boat to the plaintiff and that the

boat was thus unfit for its intended purpose.  _Id._  Additionally, the plaintiff contends that the manner in which the repair was completed compromised the integrity of the boat's hull.

The plaintiff filed suit in this Court against Contender on December 26, 2007.  The plaintiff's complaint asserts jurisdiction based on diversity of citizenship since plaintiff is from Louisiana and Contender is a Florida corporation, and the plaintiff claimed damages in excess of $75,000.  _Id._  On June 26, 2008 the defendant filed a motion to Dismiss for Lack of Jurisdiction, which was set for hearing on July 23, 2008.  Rec. D. 4.  Subsequently, on July 17, 2008 the plaintiff filed an ex parte motion to continue the hearing date on the motion to dismiss.  Rec. D. 6.  The motion to continue stated that plaintiff's counsel had a scheduling conflict with the hearing date and that the plaintiff needed more time for discovery before he could respond to the motion to dismiss.  _Id._  The motion to continue requested that the hearing date on the motion to dismiss be continued without a new date being set and stated that the defendant had no opposition.  _Id._  On July 24, 2008 the Court granted the motion to continue hearing, but did not continue the hearing indefinitely.  Rec. D. 7.  Instead, the hearing date was reset for September 17, 2008.  By September 17, 2008 the plaintiff had not filed any opposition to the motion to dismiss and the Court granted the motion to dismiss as unopposed.  Rec.

D. 9.  Judgment was entered in favor of the defendant on
September 19, 2008, dismissing plaintiff's claims with prejudice.
Rec. D. 10.   Subsequently, the plaintiff filed the current
motion for reconsideration of the granting of the motion to
dismiss as unopposed.


## The Parties' Arguments

Plaintiff has filed this motion to reconsider arguing that
opposition to the motion to dismiss was not filed because
plaintiff's counsel was unaware that the hearing date had been
reset for September 17, 2008.  Plaintiff's counsel claims that
she never received the Court's Order granting the motion to
continue the hearing date.  Pl.'s Mem., Rec. D. 12.  Plaintiff's
counsel is not signed up for electronic notification through the
Court's electronic filing system and has not provided the Court
with an email address.  Instead, orders and notification are
mailed to plaintiff's counsel at the address she has provided.
The Court's records indicate that the order setting the hearing
date was mailed to plaintiff's counsel.  Along with the motion to
reconsider, plaintiff's counsel submitted a sworn affidavit.
Rec. D. 12.  The affidavit states that on July 22, 2008
plaintiff's counsel called chambers and spoke to the law clerk
for the case and was informed that the motion to continue would
be granted.  Id.  Following this phone call plaintiff's counsel

4

heard nothing from the Court until she received by mail the Order granting the motion to dismiss as unopposed. Id. Plaintiff asserts that he should be given an opportunity to present his position "out of a sense of justice and fairness." Pl.'s Mem., Rec. D. 12.

In addition to the motion for reconsideration, and in accordance with the requirements of the Order granting the motion to dismiss as unopposed, the plaintiff has submitted a memorandum in opposition to the original motion to dismiss. Rec. D. 11. In opposition the plaintiff argues that the amount in controversy exceeds the jurisdictional threshold required for this Court to have jurisdiction in this case based on the diversity of the parties. Additionally, the plaintiff argues that the Court has federal question jurisdiction based on the federal consumer protection laws provided in the Magnuson-Moss Warranty Act. See 15 U.S.C. § 2301, et seq. Jurisdiction in a federal district court for Magnuson-Moss Warranty Act claims requires an amount in controversy greater than $50,000. 15 U.S.C. § 2310.

The defendant opposes the motion to reconsider and argues that this is a case of inexcusable neglect on the part of plaintiff such that no relief should be granted under Federal Rule of Civil Procedure 60(b). Defendant contends that the Court mailed the order setting the hearing date to the plaintiff. However, even if the plaintiff did not receive that order, the

Court's entire docket is available online and plaintiff should have checked the docket after apparently not receiving an order resetting the hearing date. The plaintiff has provided no explanation for why he did receive the order granting the motion to dismiss but did not receive the order continuing the hearing date, and further provides no explanation for why he did not follow up by reviewing the docket or contacting the Court when he did not receive an order continuing the hearing date. Additionally, the defendant asserts that the plaintiff misrepresented its position in the motion to continue the hearing. Although that motion states that the defendant consented to the continuance, the defendant did not in fact give consent to a continuation without date.

In regards to the plaintiff's memorandum on the substantive motion to dismiss, the defendant contends that the plaintiff is for the first time arguing that there is federal question jurisdiction in this case. Plaintiff never pleaded federal question jurisdiction, has never sought to amend his complaint to plead such jurisdiction, and has never before raised the issue of federal question jurisdiction or the Magnuson-Moss Warranty Act. Additionally, the defendant asserts that the Magnuson-Moss Warranty Act has an amount in controversy requirement of $50,000, which the plaintiff cannot satisfy, and plaintiff's potential Magnuson-Moss Warranty Act claims are time barred.

In its original motion to dismiss, the defendant argued that the amount in controversy is substantially less than the $75,000 required for diversity jurisdiction. The defendant contends that the plaintiff has asserted three types of claims under Louisiana law: redhibitory claims for property damage, negligent repair tort claims, and claims for mental anguish. In regard to the redhibitory claims, the defendant argues that these claims have clearly prescribed because they are subject to a one year prescriptive period under Louisiana law. Second, the defendant argues that plaintiff's negligent repair tort claims are not worth more than $15,000. This conclusion is based on the attached affidavit of an employee of the defendant who is experienced in vessel repair. Finally, the defendant argues that plaintiff does not have a valid claim for mental anguish, but that even if he did, based on a survey of similar cases the plaintiff is not in a position to recover any substantial amount of money that would carry him over the jurisdictional threshold.

## Discussion

### A.  Motion for Reconsideration

Plaintiff has styled this motion as a motion for reconsideration. Such a motion is not specifically recognized under the Federal Rules of Civil Procedure. Instead such a

motion is considered as either a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  See Lavespere v. Niagra Mach. and Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).  The difference in treatment is based on timing.  If the motion is filed within ten days of the judgment then it falls under Rule 59(e).  However, if the motion is filed more than ten days after the judgment, it is governed by Rule 60(b).  Lavespere, 910 F.2d at 173.  In the present case, the plaintiff's motion was filed more than ten days after the challenged judgment.  As a result, the plaintiff's motion for reconsideration is considered under the Rule 60(b) standard.

Rule 60(b) provides that a court may reconsider an order for several reasons: (1) mistake, inadvertance, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A district court has

considerable discretion to grant or deny a motion for reconsideration. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy that should be granted sparingly. Kelly v. Bayou Fleet, Inc., No. 05-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

The plaintiff does not specify which aspect of Rule 60(b) he relies on in bringing this motion to reconsider, and in fact does not even cite Rules 59 or 60 in his rather short motion. However, based on the plaintiff's argument regarding his lack of knowledge that the motion hearing was continued to a certain date, the plaintiff, if he is to succeed at all on this motion, must find relief under Rule 60(b)(1) or the catch-all provision of Rule 60(b)(6). Under Rule 60(b)(1), the Fifth Circuit has established that grant of a motion for reconsideration for reason of the inadvertent mistake of counsel is not an abuse of discretion. Edward H. Bohlin, 6 F.3d at 356-57. However, gross carelessness, ignorance of the rules, or ignorance of the law may not form the basis for Rule 60(b)(1) relief. Id. (citing Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985)). "A party has a duty of diligence to inquire about the status of a case." Id. "[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's

carelessness with or misapprehension of the law or the applicable rules of court." Id. (citing Knapp v. Dow Corning Corp., 941 F.2d 1336, 1338 (5th Cir. 1991)). Under Rule 60(b)(1) the moving party must show why it was justified in failing to avoid mistake or inadvertence. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2858 (2d ed. 2008).

Plaintiff submits in his motion for reconsideration that he did not file opposition to the defendant's motion to dismiss because he was not aware that the hearing date had been continued to September 17, 2008. The plaintiff moved the court to continue the previously set hearing date of July 24, 2008. Rec. D. 6. That motion requested that the hearing date on the motion to dismiss be continued indefinitely, and falsely represented that the defendant consented to such a continuance. Id.; see Def.'s Mem. in Opp'n, Rec. D. 13. Plaintiff's counsel represents that she called the Court and was informed on July 22, 2008 that the motion to continue the hearing would be granted. Rec. D. 12. However, plaintiff's counsel claims to have never received the order granting the motion to continue and never inquired via the electronic docket or with the Court as to whether the motion had been finally granted. Id. As a result, plaintiff never filed opposition to the motion to dismiss and that motion was granted by the Court as unopposed on September 17, 2008.

While plaintiff's counsel has a responsibility to know the

status of her case and to be aware of deadlines, the mistake of counsel to not file opposition to the motion to dismiss was not one that precludes reconsideration under Rule 60(b).  Since plaintiff's counsel did inquire with the Court staff about the status of the motion to continue the hearing, she did not inexcusably neglect this case and has provided a justification for the mistake of not filing opposition to the motion to dismiss.  However, when plaintiff's counsel was told that the motion would be granted but never subsequently received such an order to that effect, she should have confirmed the status of the motion.  A mistake, as occurred in the present case, should not deprive the plaintiff of an opportunity to challenge the defendant's motion to dismiss on the merits.

**B.  Motion to Dismiss**

The defendant originally brought this motion to dismiss for lack of subject matter jurisdiction.  This motion pursuant to Federal Rule of Civil Procedure 12(b)(1), argues that the plaintiff cannot meet the $75,000 jurisdictional amount in controversy requirement necessary for this court to exercise 28 U.S.C. § 1332 diversity subject matter jurisdiction over the plaintiff's claims.

Federal courts are courts of limited jurisdiction and cannot hear suits unless authorized by law.  <u>Coury v. Prot</u>, 85 F.3d 244,

248, (5th Cir. 1996). Federal courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the claim is between citizens of different states. 28 U.S.C. § 1332. A motion to dismiss for lack of subject-matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). The burden of establishing subject-matter jurisdiction falls squarely upon the plaintiff. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Robinson v. TCI/US West Commc'ns, 117 F.3d 900, 904 (5th Cir. 1997). Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations. Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981). In a Rule 12(b)(1) motion, the party asserting jurisdiction, here the plaintiff, bears the burden of proof that jurisdiction exists. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

The plaintiff filed this suit directly in federal court asserting the court's subject matter jurisdiction based on diversity. Comp., Rec. D. 1. The complaint alleges damages

greater than $75,000.  <u>Id.</u>  The defendant filed this motion to dismiss challenging the amount in controversy alleged by the plaintiff.  Specifically, the defendant argues that the plaintiff's claims arising under Louisiana law, which are not specified in the complaint, consist of redhibition claims, negligent repair tort claims, and mental anguish claims.  Mem. in Supp., Rec. D. 4.  However, the defendant contends that the redhibition claims for any breach of warranty are prescribed. <u>Id.</u>  Further, the defendant asserts that the plaintiff's negligent tort claims are not worth more than $15,000, and that if there is a mental anguish claim the plaintiff would only be able to recover a minimal amount.  <u>Id.</u>  The plaintiff has responded to these arguments by asserting that this Court has federal question jurisdiction in this case under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.  Pl.'s Opp'n Mem., Rec. D. 11.  Additionally, the plaintiff contends that the affidavit relied on by the defendant should not be considered by the Court because it is hearsay.  <u>Id.</u>

The defendant, in its motion to dismiss, asserts that the plaintiff's breach of warranty claims are prescribed and should not be considered in determining whether the requisite jurisdictional amount is present in this case.  In the later filed opposition to the motion to dismiss, the plaintiff provided no opposing argument regarding prescription of any of his claims.

Under Louisiana law, breach of warranty actions against defects are brought in redhibition, as opposed to as breach of contract actions. <u>Ford Motor Credit Co. v. Bower</u>, 589 So. 2d 571, 573 (La. App. 1st Cir. 1991). "Unlike damages for other contractual breaches, damages caused by a breach of the warranty in a contract of sale are regarded as founded in redhibition and subject to the prescriptive period applicable to redhibitory actions." <u>Id.</u> A claim based in redhibition prescribes in one year from the date the defect is discovered by the buyer. La. Civ. Code art. 2534. There is an exception to this period of prescription when the seller attempts to remedy the defect. "[P]rescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs." <u>Id.</u>

The plaintiff's complaint does not specify the date on which he discovered the defects in the boat. Comp., Rec. D. 1. The plaintiff has provided no other evidence in the record identifying this date. Instead, the complaint simply states that at some point the plaintiff became aware of a defect with the gas tanks. <u>Id.</u> He alerted the defendant and the boat was towed to the defendant's facility in Florida for repairs. <u>Id.</u> Thereafter, the boat was returned to plaintiff's possession on March 10, 2004. <u>Id.</u> Under Louisiana Civil Code article 2534 the

14

prescriptive period began to run, at the latest, on March 10,
2004 and would have expired on March 10, 2005. Plaintiff's
complaint further states that between March 10, 2004 and the time
of Hurricane Katrina in August 2005 the boat was used twice,
apparently with no incident. According to the complaint, the
boat was not used again until May 2007, and during this use the
plaintiff smelled a gasoline odor. Comp., Rec. D. 1. This case
was not filed until December 26, 2007. Id. Under the plain
terms of Louisiana Civil Code article 2534 the period of
prescription expired on March 10, 2005. This suit was not filed
until December 26, 2007. As a result, the plaintiff's breach of
warranty claims are prescribed and should not be considered in
determining the amount in controversy.

Perhaps knowing that his state law breach of warranty claims
were prescribed and that he could not show that $75,000 is at
issue in this case, the plaintiff, in his late filed opposition
to the motion to dismiss, for the first time asserts that this
Court has federal question jurisdiction based on the Magnuson-
Moss Warranty Act, 15 U.S.C. § 2301, et seq. The Magnuson-Moss
Warranty Act creates a statutory cause of action for consumers
who are "damaged by the failure of a supplier, warrantor, or
service contractor to comply with any obligation [imposed by the
Act] or [established by] a written warranty, implied warranty, or
service contract." Walton v. Rose Homes LLC, 298 F.3d 470, 474

(5th Cir. 2002)(quoting 15 U.S.C. § 2310(d)(1)).  Prior to the
filing of the opposition memorandum, the plaintiff has not
referenced the Magnuson-Moss Warranty Act and did not plead any
form of federal question jurisdiction in his complaint.
Paragraph three of the complaint states: "This Court has
jurisdiction over this matter based on diversity of citizenship
and damages exceeding the threshold jurisdictional amount of
$75,000.00 pursuant to 28 U.S.C. 1332."  Comp., Rec. D. 1.
Nowhere in the complaint does the plaintiff assert subject matter
jurisdiction based on a federal question.  In now arguing that
there is federal question jurisdiction the plaintiff relies on
paragraph twenty-one of the complaint which submits that the
plaintiff is entitled to attorney's fees and penalties based on
both state and federal consumer protection laws.  <u>Id.</u>  Nowhere
does the complaint state that the plaintiff is entitled to
damages based on any federal statute.  Federal Rule of Civil
Procedure 8 requires the plaintiff to provide in the complaint "a
short and plain statement of the grounds for the court's
jurisdiction . . ."  Fed. R. Civ. P. 8(a)(1).  The plaintiff, as
the party invoking federal subject matter jurisdiction has the
burden of pleading and then proving that such jurisdiction
exists.  <u>Epps v. Bexar-Medina-Atascosa Counties Water Improvement
Dist. No. 1</u>, 665 F.2d 594, 595 (5th Cir. 1982).  "In order for a
case to come within the ambit of federal question jurisdiction,

the federal issue must appear on the face of the complaint." Id.

The complaint contains only one reference to federal law and nowhere specifies that the plaintiff is asserting claims under the Magnuson-Moss Warranty Act or any other federal statute. The lone reference to federal law is contained in a paragraph that discusses attorney's fees and penalties. Even under the liberal pleading standard of the federal rules, the plaintiff plainly did not plead federal question jurisdiction. Furthermore, even if the plaintiff had pleaded federal question jurisdiction pursuant to the Magnuson-Moss Warranty Act, these claims would be time-barred. The Act dies not contain a specific limitations period so federal courts have looked to the analogous state law for a period of limitation. See e.g. Lowe v. Volkswagen of Am., Inc., 879 F.Supp. 28, 30 (E.D. Pa. 1995)(applying the general principle that "where a federal statute does not contain an express limitations period, federal courts apply the most analogous state of limitation" in the context of a Magnuson-Moss Warranty Act claim). In this case, the analogous state law claim is a breach of warranty claim. As discussed above, such claims in Louisiana law are brought in redhibition, and in this case are prescribed.

The main thrust of the plaintiff's claims appear from the complaint to be a claim for the tort of negligent repair. The plaintiff has alleged that when the problem with the boat's fuel tank was discovered, the boat was returned to the defendant's

17

yard in Florida for repairs.  More than three years after the
boat had been returned to the plaintiff's possession, he alleges
that he discovered problems with the repairs that had been
completed by the defendant.  Along with its original motion to
dismiss, the defendant provided the affidavit of Steve Cunningham
who is an employee of the defendant company and has fifteen years
of experience in vessel repair.  Mr. Cunningham is employed by
the defendant to supervise vessel production and repair,
including repairs to fuel tanks.  Ex. A, Rec. D. 4.  The
defendant's inspection of the plaintiff's boat, conducted after
the plaintiff reported problems with the fuel tank revealed a
leak in the port side fuel tank and corrosion on parts of the
fuel system of both the center and starboard fuel tanks.  <u>Id.</u>
Mr. Cunningham asserts in his affidavit that based on his
experience such problems can be repaired for less than $15,000.
<u>Id.</u>

     Having been presented with this affidavit, the plaintiff has
not provided the Court with any evidence to carry its burden of
proof that jurisdiction exists.  The plaintiff does argue in its
late-filed opposition to the motion to dismiss that Mr.
Cunningham's affidavit should be ignored as hearsay and questions
why the defendant did not provide an affidavit from the specific
person that the defendant hired to inspect the boat.  However,
instead of providing the Court with some evidence of the cost to

repair the boat, the plaintiff merely invites the Court to speculate as to what the opinion of the person whom the defendant hired to inspect the boat might be.  Here the jurisdictional amount has been challenged by the defendant, yet the plaintiff has not provided any evidence to support its position that more than $75,000 is at issue in this case.  The original complaint simply states that the plaintiff paid more than $75,000 in cash for the boat.  Compl., Rec. D. 1.  This fact alone cannot form the basis for satisfying the amount in controversy requirement when the plaintiff is not even seeking the total replacement of the boat.  Furthermore, despite having the burden of proof on this issue, the plaintiff has provided no evidence whatsoever regarding the value of the boat or how much it would cost to make any repairs to the boat.  This is despite the fact that the plaintiff originally sought a continuance of the hearing date for the defendant's motion to dismiss specifically so that the plaintiff could conduct further discovery on this issue.

The plaintiff does contend in his opposition to the motion to dismiss that the damages he seeks "are for more than just the repair of the boat."  Pl.'s Mem. in Opp., Rec. D. 11.  The plaintiff does identify non-property damage claims in the complaint for mental anguish stemming from a fear of being burned alive because of the defective gas tanks, aggravation, and "humiliation in front of friends when the boat stopped running

properly 7 miles offshore," as well as inconvenience, fraud, and loss of use and enjoyment of the boat. Compl., Rec. D. 1. The defendant has argued that the plaintiff cannot prove any mental anguish damages and even if he could the plaintiff would only be entitled to recover a few thousand dollars for those injuries. Under Louisiana law in order to recover for mental anguish there must be real mental injury. "The usual worry over the consequences of property damage (where a plaintiff suffers no direct mental injury from the negligent act) will not justify an award for mental anguish damages." Elston v. Valley Elec. Membership Corp., 381 So. 2d 554, 556 (La. App. 2d Cir. 1980). In addition to arguing that the plaintiff cannot prove that he has recoverable mental anguish claims, the defendant provided the Court with an overview of Louisiana cases in which individuals suffered real psychological injuries in connection with a physical injury or threat to their life but did not recover more than approximately $5,000 in mental anguish damages. Mem. in Supp., Rec. D. 4. In response, the plaintiff's only argument in his late-filed opposition memorandum is that the "[d]efendant confuses the emotional damages suffered by the plaintiff with those of a person who has been involved in a personal injury." Pl.'s Opp. Mem., Rec. D. 11. The plaintiff curiously argues that he would recover more for mental anguish damages in this case than in a case where a plaintiff is actually physically injured.

In any event, it is clear to the Court that even if the plaintiff can provide competent evidence of mental anguish related to the alleged damage to his boat, any amount he would recover for such distress would be minimal. The plaintiff's non-property damage mental anguish claims are principally related to his fear of being burned alive, humiliation at the boat not functioning properly, and inconvenience. However, based on the plaintiff's own complaint he used this boat a minimal number of times. After the issue with the gas tanks was discovered the plaintiff returned the boat to the defendant for repairs. Compl., Rec. D. 1. Following the repairs the plaintiff used the boat twice between March 2004 and May 2007, each time apparently without incident. Id. In May 2007 the plaintiff detected gas fumes while seven miles offshore on a fishing trip with friends. Id. He had to stop the trip and return to shore at idle speed to prevent a gas leakage. Id. This apparently caused him humiliation and fear. Id. These facts form the basis of the plaintiff's mental anguish claim. Even when coupled with any possible damages for inconvenience, fraud, or loss of use and enjoyment, which would be minimal considering the plaintiff rarely used the boat even when he considered it to be functioning properly, it is clear that the plaintiff's non-property damage claims are of minimal value.

Based on the above analysis, the plaintiff has not met his burden, as the party asserting the Court's jurisdiction, to prove that subject matter jurisdiction based on diversity exists. Specifically, the plaintiff has not shown that the amount in controversy requirement can be fulfilled in this case. The plaintiff's complaint and late-filed opposition to the defendant's motion to dismiss contain nothing more than conclusory statements regarding the amount in controversy, such as "[t]aking all of plaintiff's damages in totality, the sum more than exceeds the jurisdictional threshold of this court." Pl.'s Opp. Mem., Rec. D. 11. Several of the claims alleged by the plaintiff are prescribed. The plaintiff has not presented any evidence of the value of his claim for the alleged faulty repair by the defendant, despite the fact that the defendant has directly challenged the value of this claim and the fact that the plaintiff previously sought a continuance specifically for the purpose of conducting discovery to defend this motion. Additionally, the plaintiff's non-property claims, to the extent they can be proven, would yield, at most, only a minimal recovery for the plaintiff. As a result, the plaintiff's challenge on the merits to the defendant's motion to dismiss falls short and the defendant's motion should be granted.

Lastly, one change to the Court's prior Judgment is necessary. A dismissal pursuant to a Rule 12(b)(1) motion to

dismiss for lack of subject matter jurisdiction should be without

prejudice, not with prejudice as is currently stated by the

Judgment.  <u>See</u> Rec. D. 10.  Accordingly,

**IT IS ORDERED** that plaintiff's  **Motion for Reconsideration

(Rec. Doc. 12)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's **Motion to Dismiss for

Lack of Subject Matter Jurisdiction (Rec. Doc. 4)** is hereby

**GRANTED.**

**IT IS FURTHER ORDERED** that the Court's **Judgment (Rec. Doc.

10)** is **AMENDED** to provide that the plaintiff's claims are

dismissed without prejudice.

New Orleans, Louisiana, this 7th day of May, 2009.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE